# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

PATRICK ROTH,

    *Plaintiff,*

v.

SERGEANT JOHN DOE (BADGE #1129), JANE DOE, and OKLAHOMA CITY, a political subdivision of the State of Oklahoma,

    *Defendants,*

Case No. CIV-19-903-G

Hon. Judge Goodwin

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, PATRICK ROTH, by and through his attorneys, complaining of Defendants, and respectfully alleges as follows:

## JURISDICTION AND VENUE

1.    This is a civil rights action in which the Plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments.

2.    Jurisdiction of this Court is found upon 28 U.S.C. § 1331.

3.    The events that give rise to this lawsuit took place at or around Hudson street and Fourth Street in Oklahoma City, Oklahoma.

4.     Venue is appropriate in the Western District of Oklahoma pursuant to 28 U.S.C § 1391(b) since the individual Defendant Officers are employees of Oklahoma City and the acts providing the legal basis for this complaint occurred in Oklahoma City, County of Oklahoma, State of Oklahoma.

## **PARTIES**

5.   Plaintiff, PATRICK ROTH ("Plaintiff" or "Mr. Roth"), is a law abiding citizen of the United States and a resident of Oklahoma City, County of Oklahoma, State of Oklahoma.

6.   Defendant, Oklahoma City, is a political subdivision of the State of Oklahoma, and at all times relevant herein, was acting under color of state law.

7.   Defendant Sergeant JOHN DOE and JANE DOE at all pertinent times were residents of the County of Oklahoma and the State of Oklahoma, were employed by the City of Oklahoma City, as public safety officers, and are being sued individually and in their official capacities, jointly and severally with the other Defendants named herein.

8.     The individual Defendant Officers, when referred to collectively, will be referred to as the individually named "Defendant Officers."

9.     On or about September 18, 2019, at the time of the events alleged in this Complaint, all the individually named Defendant Officers were at all times each acting in their individual capacities, within the course and scope of their employment

as police officers and/or agents employed by the City of Oklahoma City and under the color of law.

## FACTUAL BACKGROUND

10.   On September 18, 2019, in the evening, Mr. Roth was walking near Hudson and Fourth street located in the City of Oklahoma City, Oklahoma while recording the scenes with his phone camera.

11.   He continued to record a parking lot to his right, where a City of Oklahoma City Police officer appeared to be sleeping in his police vehicle.

12.   Mr. Roth approached the vehicle and knocked on the driver's seat window.

13.   Sergeant John Doe exited the vehicle.

14.   Mr. Roth said, "Hey are you ok?"

15.   Sergeant John Doe responded, "Yeah."

16.   Mr. Roth asked if he needed EMS.

17.   Mr. Roth asked, "What is your name?"

18.   Sergeant John Doe did not answer Mr. Roth.

19.   Mr. Roth then asked again, "What is your name?"

20.   Sergeant John Doe said, "Get away from me alright?"

21.   Mr. Roth then asked, "What?"

22.   Sergeant John Doe said, "Get away from me alright?"

23. Mr. Roth then asked, "What is your problem, What is your name, You are not allowed to sleep on the job."

24. Sergeant John Doe refused to give Mr. Roth his name.

25. Mr. Roth circled the vehicle to get the vehicle number.

26. Officer Jane Doe who was sitting in the passenger seat then opened her car door and asked, "Can I help you?"

27. Mr. Roth responded, "I was just getting the vehicle number."

28. Officer Jane Doe then said "For what?"

29. Mr. Roth responded since he is not allowed to sleep.

30. Officer Jane Doe then said, "He wasn't sleeping."

31. Mr. Roth said, "He just admitted to me he was sleeping."

32. Officer Jane Doe then said, "I was with him all night and he was never sleeping."

33. Officer Jane Doe then said, "It doesn't matter if you caught him on video closing his eyes. He wasn't sleeping."

34. Mr. Roth then came back around to the driver's side of the vehicle.

35. Sergeant John Doe then got out of his vehicle.

36. Mr. Roth then asked him, "Hey are you on the job?"

37. Sergeant John Doe responded, "No. I am actually not."

38. Sergeant John Doe then grabbed Mr. Roth's phone out of his hands.

39.   Mr. Roth said, "Hey, what are doing?"

40.   Sergeant John Doe responded, "I'll tell you what I am going to do, I am going to book that and call the city police department. I am going to go book it."

41.   Sergeant John Doe then handcuffed Mr. Roth while holding him against the police vehicle.

42.   Sergeant John Doe then threw Mr. Roth to the ground and placed his knee on Mr. Roth's back.

43.   Sergeant John Doe, then took Mr. Roth's wallet and took his license.

44.   Sergeant John Doe ran a search on Mr. Roth, which came up clean.

45.   Sergeant John Doe then uncuffed Mr. Roth and gave him his belongings back.

46.   Officer Jane Doe was present and watched the episode. Despite knowing that Mr. Roth was being arrested for filming a police vehicle, she did not intervene.

47.   Filming police vehicles is lawful and constitutionally protected conduct.

48.   The unlawful search of Mr. Norris was done in blatant violation of the Fourth and First Amendment.

49.   The unlawful arrest and detainment of Mr. Norris was done in blatant violation of the Fourth and First Amendment.

50.    The unlawful taking of Mr. Norris's phone was done in blatant violation of the Fourth and the First Amendment.

51.    The unlawful use of excessive force was done in blatant violation of the Fourth Amendment.

52.    No lawful basis existed for the Defendant Officers to arrest or detain Mr. Roth or confiscate his phone.

### COUNT I
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (First Amendment – Unlawfully Preventing Recording of Parking lot And Police Officers)

#### *(Against Defendants Sergeant John Doe and City of Oklahoma City)*

53.    Plaintiff incorporates herein all the prior allegations.

54.    Plaintiff engaged in constitutionally protected conduct of recording a police vehicle.

55.    Defendants took away his phone and arrested Plaintiff when he exercised his first Amendment right to record a police vehicle.

56.    Defendants intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently prevented Plaintiff from recording a police vehicle without a warrant or any lawful basis.

57.    Defendants actions were based on Defendants' knowing, deliberate, and reckless disregard for the truth. Further, Defendants had no knowledge of any

fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

58.   Defendants intentionally prevented Plaintiff from recording a police vehicle which deprived Plaintiff of his liberty without his consent, probable cause, legal justification, just cause, or any other legally valid reason.

59.   As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffers damages.

**COUNT II**
**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
**(First Amendment – Retaliation for Protected Conduct)**

***(Against Defendants Sergeant John Doe and City of Oklahoma City)***

60.   Plaintiff incorporates herein all the prior allegations.

61.   Plaintiff engaged in constitutionally protected conduct of recording a police vehicle.

62.   Defendant Officers arrested and/or detained Plaintiff for exercising his First Amendment right to record a police vehicle.

63.   In retaliation for this protected conduct, Defendants intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently detained, handcuffed, and/or arrested Plaintiff without a warrant or any lawful basis.

64.   Plaintiff's retaliatory arrest was based on Defendants knowing, deliberate, and reckless disregard for the truth. Further, Defendant Officers had no

knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

65.    Such retaliation would serve as a deterrent to a person of ordinary firmness from engaging in such protected conduct.

66.    The retaliation was motivated at least in part by the protected speech.

67.    There was a causal connection between Plaintiff's constitutionally protected conduct and the adverse retaliatory actions taken by the Defendants against Plaintiff.

68.    Defendants intentionally arrested Plaintiff and/or had him arrested with the intention of confining him within the fixed boundaries and kept him confined in their custody for a substantial amount of time before releasing him. Additionally, Defendants conduct in arresting and confining Plaintiff deprived him of his liberty without his consent, probable cause, legal justification, just cause, or any other legally valid reason.

69.    As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffers damages.

## COUNT III
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (First Amendment – Retaliation for Protected Conduct)

*(Against Defendants Sergeant John Doe and City of Oklahoma City)*

70.    Plaintiff incorporates herein all the prior allegations.

71.   Plaintiff engaged in constitutionally protected conduct of recording a police vehicle.

72.   Defendants seized Plaintiff's phone for exercising his First Amendment right to record a police vehicle.

73.   In retaliation for this protected conduct, Defendants intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently seized Plaintiff's phone without a warrant or any lawful basis.

74.   Plaintiff's retaliatory seizure was based on Defendant Officer's knowing, deliberate, and reckless disregard for the truth. Further, Defendant Officers had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

75.   Such retaliation would serve as a deterrent to a person of ordinary firmness from engaging in such protected conduct.

76.   The retaliation was motivated at least in part by the protected speech and action.

77.   There was a causal connection between Plaintiff's constitutionally protected conduct and the adverse retaliatory actions taken by the defendants against Plaintiff.

78.   Defendants conduct in seizing Plaintiff's property deprived him of his liberty without his consent, probable cause, legal justification, just cause, or any other legally valid reason.

79.   As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffers damages.

## COUNT IV
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth Amendment - Unlawful Search)

*(Against Defendants Sergeant John Doe and City of Oklahoma City)*

80.    Plaintiff incorporates herein all the prior allegations.

81.   The Fourth Amendment requires police officers to possess sufficient probable cause or reasonable suspicion before searching a criminal suspect.

82.   Defendant Sergeant John Doe intentionally, knowingly, and maliciously, recklessly, unreasonably, and/or gross negligently searched Plaintiff without a warrant or any lawful basis.

83.   At all times relevant, Plaintiff had a clearly established right to liberty, including unlawful search pursuant to the Fourth Amendment to the United States Constitution.

84.   At all times relevant, as a police officer acting under color of law, Defendant Sergeant John Doe was required to obey the laws of the United States.

85.    In violation of Plaintiff's clearly established constitutionally-protected right to be free from unreasonable search and seizure without due process of law under the Fourth Amendments to the United States Constitution, Defendant Sergeant John Doe and the City of Oklahoma City unlawfully searched Plaintiff.

86.    As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

## COUNT V
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth Amendment - Unlawful Arrest)

### *(Against Defendants Sergeant John Doe and City of Oklahoma City)*

87.    Plaintiff incorporates herein all the prior allegations.

88.    The Fourth Amendment requires police officers to possess sufficient probable cause before placing a criminal suspect under arrest.

89.    At all times relevant, Plaintiff had a clearly established right to liberty, including his right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force pursuant to the Fourth Amendment to the United States Constitution.

90.    At all times relevant, as police officers acting under color of law, Defendant Officers were required to obey the laws of the United States.

91.     Defendants     intentionally,     knowingly,     maliciously,     recklessly, unreasonably, and/or gross negligently detained, handcuffed, and/or arrested Plaintiff without a warrant or any lawful basis.

92.     Plaintiff was handcuffed and detained by Defendant Officers for filming a police vehicle.

93.     After being handcuffed, Plaintiff was forcibly placed on the ground and was not free to leave and was therefore arrested and/or detained.

94.     Plaintiff's arrest was based on Defendant Officers knowing, deliberate, and reckless disregard for the truth.

95.     Further, the Defendant Officers had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

96.     Defendant Officers intentionally arrested Plaintiff and/or had him arrested with the intention of confining him within fixed boundaries and kept him confined in their custody for a substantial amount of time before releasing him. Additionally, Defendants conduct in arresting and confining Plaintiff deprived him of his liberty without his consent, probable cause, legal justification, just cause, or any other legally valid reason.

97.     All the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, and

Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

98.   The acts complained of were carried out by the individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of Oklahoma City.

99.   Defendant Officers collectively and individually, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden under the Constitution of the United States.

100.   Defendants Officers' actions constituted unlawful arrest and/or detainment of Plaintiff.

101.   As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffered damages for his physical pain and suffering, mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

## COUNT VI
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (Fourth Amendment - Unlawful Seizure of Phone)

### *(Against Defendants Sergeant John Doe and City of Oklahoma City)*

102.   Plaintiff incorporates herein all the prior allegations.

103.  The Fourth Amendment requires police officers to possess sufficient probable cause before seizing the property of a criminal suspect.

104.  Defendant Officers intentionally, knowingly, and maliciously, recklessly, unreasonably, and/or gross negligently seized Plaintiff's phone without a warrant or any lawful basis.

105.  At all times relevant, Plaintiff had a clearly established right to liberty, including unlawful seizure pursuant to the Fourth Amendment to the United States Constitution.

106.  At all times relevant, as police officers acting under color of law, Defendant Officers were required to obey the laws of the United States.

107.  The acts complained of were carried out by the individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of Oklahoma.

108.  Defendants collectively and individually, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden under the Constitution of the United States.

109.  In violation of Plaintiff's clearly established constitutionally-protected right to be free from punishment and deprivation of life, liberty, and property without

due process of law under the Fourth Amendments to the United States Constitution, Defendant Officers unlawfully seized Plaintiff's property.

110.   As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

**COUNT VII**
**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
(Fourth Amendment – Excessive Force)

*(Against Defendant Sergeant John Doe)*

111.   Plaintiff incorporates herein all the prior factual allegations.

112.   Plaintiff suffered injuries as described herein as a direct result of the excessive and unnecessary force used by Defendant Sergeant John Doe.

113.   As discussed herein, Defendant Sergeant John Doe handcuffed, threw Mr. Roth to the ground and leaned on his back with his knee. This caused Plaintiff physical pain and suffering.

114.   The physical attacks on Plaintiff were without legal justification.

115.   The force used was objectively unreasonable and not proportional as Plaintiff did not display any criminal, threatening, or aggressive behavior whatsoever to necessitate the use of any force.

116.   At all times relevant, Plaintiff had a clearly established right to liberty

protected in the substantive component of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, including his right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force, and excessive force pursuant to the Fourth Amendment to the United States Constitution.

117.  At all times relevant, as police officers acting under the color of law, Defendants were required to obey the laws identified under the Fourth and Fourteenth Amendments of the United States.

118.  In violation of Plaintiff's clearly established rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, Defendants employed unnecessary, unreasonable, and excessive force against Plaintiff, thereby inflicting personal injuries upon him.

119.  All the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

120.  The acts complained of were carried out by the Defendants in their capacities as police officers, with the entire, actual, and/or apparent authority attendant thereto.

121.  As a proximate result of the illegal and unconstitutional acts of the

Defendants, Plaintiff suffered damages for his physical, mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

## COUNT VIII
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (First and Fourth Amendments – Failure to Intervene)

### *(Against Officer Jane Doe)*

122.  Plaintiff incorporates herein all the prior factual allegations.

123.  Officer Jane Doe had a duty to intervene when Defendant Sergeant John Doe unlawfully searched and arrested Plaintiff for recording a police parking lot and police officers.

124.  Officer Jane Doe was present at the scene and had the opportunity and means to prevent the unlawful search and seizure and knew there existed no lawful basis for the arrests.

125.  Officer Jane Doe had a duty to intervene in the unlawful arrest of Plaintiff.

126.  Officer Jane Doe did not intervene at any point.

127.  Officer Jane Doe was acting with deliberate indifference, recklessness, gross negligence, intent, and/or knowledge to the above described acts being inflicted upon Plaintiff, and as such, was the proximate cause of the injuries and harm suffered by Plaintiff.

128. The foregoing conduct by Officer Jane Doe itself amounted to a constitutional violation of Plaintiff's rights under the First and Fourth Amendments to the United States Constitution.

129. As a direct and proximate result of these individual Defendants' willful violation of Plaintiff's constitutionally protected rights, Plaintiff suffered and will continue to suffer damage into the future, including but not limited to, physical pain and suffering, mental anguish, severe emotion distress, fright and shock, and costs and attorney fees.

## COUNT IX
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (Municipal Liability-Policy to Arrest for Recording a Police Vehicle)

### *(Against City of Oklahoma City)*

130. Plaintiff incorporates herein all the prior allegations.

131. A municipality is liable under 42 U.S.C. § 1983 if the acts that violated a person's rights are attributable to its own policies, practices, and customs, including the actions of a final policy maker.

132. At all times relevant to this complaint, Defendant City of Oklahoma City acted with deliberate indifference to Plaintiff's constitutional rights by maintaining policies, practices, and customs that condoned and fostered Defendant officers conduct.

133.  This custom and policy that prohibits recording of police vehicles and permits officers to make arrests for such actions, was the standard operating procedure for Defendant officers and the City of Oklahoma City.

134.  This policy was evidenced by Defendant Sergeant John Doe, when he arrested Plaintiff filming a police vehicle.

135.  As a result of this policy and custom as reason to arrest for exercising protected conduct, Plaintiff was harmed and now seeks compensatory and punitive damages in addition to reasonable attorney fees.

## COUNT X
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (Municipal Liability-Policy to Seize Cameras for Recording Parking lots and Police Officers)

### *(Against City of Oklahoma City)*

136.  Plaintiff incorporates herein all the prior allegations.

137.  A municipality is liable under 42 U.S.C. § 1983 if the acts that violated a person's rights are attributable to its own policies, practices, and customs, including the actions of a final policy maker.

138.  At all times relevant to this complaint, Defendant City of Oklahoma City acted with deliberate indifference to Plaintiff's constitutional rights by maintaining policies, practices, and customs that condoned and fostered Defendant officers conduct.

139. This custom and policy that permits police officers to confiscate personal property, i.e. cameras / recording devices that are used to film police vehicles, was the standard operating procedure for Defendant officers and the City of Oklahoma City.

140. This policy was evidenced by Defendant Sergeant John Doe, when he confiscated Plaintiff's camera / recording device used to record a police vehicle.

141. As a result of this policy and custom as reason to arrest for exercising protected conduct, Plaintiff was harmed and now seeks compensatory and punitive damages in addition to reasonable attorney fees.

## COUNT XI
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (Municipal Liability-Failure to Train and Supervise)

### *(Against City of Oklahoma City)*

142. Plaintiff incorporates herein all the prior allegations.

143. A municipality is liable under 42 U.S.C. § 1983 if the alleged violations are attributable to its own policies, practices, and customs, including the actions of a final policy maker.

144. At all times relevant to this complaint, Defendant City of Oklahoma City acted with deliberate indifference to Plaintiff's constitutional rights by maintaining policies, practices, and customs that condoned and fostered Defendant officers' conduct.

145.  In the alternative and at all times relevant to this complaint, Defendant City of Oklahoma City, did not in fact have such policies in place, but failed to properly train Defendant officers, thereby demonstrating deliberate indifference to Plaintiff's rights.

146.  Defendant City of Oklahoma City failed to: (a) adequately supervise and train its officers and agents, including Defendants Sergeant John Doe and Officer Jane Doe, thereby failing to adequately discourage further constitutional violations on the part of its officers; and (b) properly and adequately monitor and discipline its officers.

147.  As is being pled in this alternative, the fundamental lack of knowledge of such basic Constitutionally protected conduct by a sergeant such as Sergeant John Doe, could only be the by-product of City of Oklahoma City's failure to adequately train Defendant Officers before putting them in the position in which they were placed by Defendant City.

148.  Defendant City of Oklahoma City failed to properly train its police officers on the proper standard for initiating an investigation of a criminal suspect, when to seize property, and when to bring criminal charges.

149.  Defendant City of Oklahoma City's failure to adequately supervise and train its police officers on the proper procedures for investigations and criminal investigations caused Defendant Officers to violate Plaintiff's Constitutional rights.

150.  As a result of Defendant City of Oklahoma City's failure to adequately train or correct their policy to arrest people and seize their property for exercising protected conduct, Plaintiff was harmed and seeks compensatory and punitive damages in addition to reasonable attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Patrick Roth, demands judgment and prays for the following relief, jointly and severally, against all Defendants:

a.  Full and fair compensatory damages in an amount to be determined by a jury;

b.  Punitive damages in an amount to be determined by a jury;

c.  Reasonable attorney's fees and costs of this action; and

d.  Any such other relief as appears just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all triable issues, per Fed. R. Civ. P. 38(b).

Respectfully Submitted,

EXCOLO LAW, PLLC

*/s/ Solomon M. Radner*
Solomon M. Radner (*pro hac vice* pending)
Attorney for Plaintiff
26700 Lahser Road, Suite 401
Southfield, MI 48033
(248) 291-9712
sradner@excololaw.com

/s/ Eric D. Cotton
Eric D. Cotton, OBA No. 20658
THE COTTON LAW FIRM, PLLC
422 E. 2nd St.
Edmond, OK  73034
Telephone: (405) 285-0816
Facsimile: (405) 285-1409
E-mail Address for service:
Eric.cotton@thecottonlawfirm.com

Attorneys for Plaintiff

Dated: September 27, 2019