# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

PATRICK ROTH,

    *Plaintiff,*

v.

JOHN RICKETTS (BADGE #1126);
and OKLAHOMA CITY, a political
subdivision of the State of Oklahoma,

    *Defendants,*

_____/

Case No. civ-19-903-G

Hon. Charles B. Goodwin

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, PATRICK ROTH, by and through her attorneys, complaining of Defendants, and respectfully alleges as follows:

## JURISDICTION AND VENUE

1.    This is a civil rights action in which the Plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments.

2.    Jurisdiction of this Court is found upon 28 U.S.C. § 1331.

3.    The events that give rise to this lawsuit took place at or around Hudson street and Fourth Street in Oklahoma City, Oklahoma.

4.     Venue is appropriate in the Western District of Oklahoma pursuant to 28 U.S.C § 1391(b) since the individual Defendant Officer is an employee of Oklahoma City and the acts providing the legal basis for this complaint occurred in Oklahoma City, County of Oklahoma, State of Oklahoma.

## PARTIES

5.     Plaintiff, PATRICK ROTH ("Plaintiff" or "Mr. Roth"), is a law abiding citizen of the United States and a resident of the City of Buffalo, County of Harper, State of Oklahoma.

6.     Defendant, OKLAHOMA CITY, is a political subdivision of the State of Oklahoma, and at all times relevant herein, was acting under color of state law.

7.     Defendant JOHN RICKETTS (BADGE #1126) (hereafter "Ricketts" or "Defendant Officer") was at all pertinent times a resident of the County of Oklahoma and the State of Oklahoma, was employed by the City of Oklahoma, as a public safety officer, and is being sued individually and in his official capacity, jointly and severally with the other Defendant named herein.

8.     On or about September 18, 2019, at the time of the events alleged in this Complaint, the individually named Defendants Officer, John Ricketts, was at all times each acting in his individual capacity, within the course and scope of his employment as a police officer and/or agent employed by the City of Oklahoma and under the color of law.

## FACTUAL BACKGROUND

9.  On September 18, 2019, in the evening, Mr. Roth was walking near Hudson and Fourth street located in the City of Oklahoma, Oklahoma while recording the scenes with his phone camera.

10.  He continued to record a parking lot to his right, where a City of Oklahoma Police officer appeared to be sleeping in his police vehicle.

11.  Mr. Roth approached the vehicle and knocked on the driver's seat window.

12.  Defendant Ricketts exited the vehicle.

13.  Mr. Roth said, "Hey are you ok?"

14.  Defendant Ricketts responded, "Yeah."

15.  Mr. Roth asked if Ricketts needed EMS, and asked, "What is your name?"

16.  Defendant Ricketts did not answer Mr. Roth.

17.  Mr. Roth then asked again, "What is your name?"

18.  Defendant Ricketts said, "Get away from me alright?"

19.  Mr. Roth then asked, "What?"

20.  Defendant Ricketts said, "Get away from me alright?"

21.  Mr. Roth then asked, "What is your problem, what is your name, you are not allowed to sleep on the job."

22.   Defendant Ricketts refused to give Mr. Roth his name.

23.   Mr. Roth circled the vehicle to get the vehicle number.

24.   An unknown Jane Doe who was sitting in the passenger seat then opened her car door and asked, "Can I help you?"

25.   Mr. Roth responded, "I was just getting the vehicle number."

26.   Jane Doe then said "For what?"

27.   Mr. Roth responded that he (meaning Ricketts) is not allowed to sleep.

28.   Jane Doe then said, "He wasn't sleeping."

29.   Mr. Roth said, "He just admitted to me he was sleeping."

30.   Jane Doe then said, "I was with him all night and he was never sleeping."

31.   Jane Doe then said, "It doesn't matter if you caught him on video closing his eyes. He wasn't sleeping."

32.   Mr. Roth then came back around to the driver's side of the vehicle.

33.   Defendant Ricketts then got out of his vehicle.

34.   Mr. Roth then asked him, "Hey are you on the job?'

35.   Defendant Ricketts responded, "No. I am actually not."

36.   Defendant Ricketts then grabbed Mr. Roth's phone out of his hands.

37.   Mr. Roth said, "Hey, what are doing?"

38.     Defendant Ricketts responded, "I'll tell you what I am going to do, I am going to book that and call the city police department. I am going to go book it."

39.     Defendant Ricketts then handcuffed Mr. Roth while holding him against the police vehicle.

40.     Defendant Ricketts then threw Mr. Roth to the ground and placed his knee on Mr. Roth's back.

41.     Defendant Ricketts, then took Mr. Roth's wallet and license.

42.     Defendant Ricketts ran a LEIN check on Roth, which came up clean.

43.     Defendant Ricketts then uncuffed Mr. Roth and gave him his belongings back.

44.     Filming police vehicles and/or police officers is lawful and constitutionally protected conduct.

45.     Filming police vehicles and/or police officers does not create reasonable suspicion, probable cause, or any evidence at all of criminal conduct.

46.     The unlawful search of Mr. Roth was done in blatant violation of the Fourth and First Amendment.

47.     The unlawful arrest and detainment of Mr. Roth was done in blatant violation of the Fourth and First Amendment.

48.      The unlawful taking of Mr. Roth's phone was done in blatant violation of the Fourth and the First Amendment.

49.   The unlawful use of excessive force was done in blatant violation of the Fourth Amendment.

50.   No lawful basis existed for the Defendant Officer to arrest or detain Mr. Roth or confiscate Roth's phone.

## COUNT I
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (First Amendment – Unlawfully Preventing Recording of Parking lot and a Police Officer)

### *(Against Defendants Ricketts and City of Oklahoma)*

51.   Plaintiff incorporates herein all the prior allegations.

52.   Plaintiff engaged in constitutionally protected conduct of recording and a police vehicle.

53.   Defendants took away Plaintiff's cell phone and arrested him when he exercised his first Amendment right to record a police vehicle.

54.   Defendants intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently prevented Plaintiff from recording a police vehicle without a warrant or any lawful basis.

55.   Defendants actions were based on Defendants' knowing, deliberate, and reckless disregard for the truth. Further, Defendants had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

56.     Defendants intentionally prevented Plaintiff from recording a police vehicle which deprived Plaintiff of his liberty without his consent, probable cause, legal justification, just cause, or any other legally valid reason.

57.     As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffers damages.

## COUNT II
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (First Amendment – Retaliation for Protected Conduct)

### *(Against Defendants Ricketts and City of Oklahoma)*

58.     Plaintiff incorporates herein all the prior allegations.

59.     Plaintiff engaged in constitutionally protected conduct of recording a police vehicle.

60.     Defendant Ricketts arrested and/or detained Plaintiff for exercising his First Amendment right to record a police vehicle.

61.     In retaliation for this protected conduct, Defendants intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently detained, handcuffed, and/or arrested Plaintiff without a warrant or any lawful basis.

62.     Plaintiff's retaliatory arrest was based on Defendants knowing, deliberate, and reckless disregard for the truth. Further, Defendant Ricketts had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

63.     Such retaliation would serve as a deterrent to a person of ordinary firmness from engaging in such protected conduct.

64.     The retaliation was motivated at least in part by the protected speech.

65.     There was a causal connection between Plaintiff's constitutionally protected conduct and the adverse retaliatory actions taken by the Defendants against Plaintiff.

66.     Defendants intentionally arrested Plaintiff and/or had him arrested with the intention of confining him within the fixed boundaries and kept him confined in their custody for a substantial amount of time before releasing him. Additionally, Defendants conduct in arresting and confining Plaintiff deprived him of his liberty without his consent, probable cause, legal justification, just cause, or any other legally valid reason.

67.     As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffers damages.

## COUNT III
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (First Amendment – Retaliation for Protected Conduct)

### *(Against Defendants Ricketts and City of Oklahoma)*

68.     Plaintiff incorporates herein all the prior allegations.

69.     Plaintiff engaged in constitutionally protected conduct of recording a police vehicle.

70.     Defendant Ricketts seized Plaintiff's phone for exercising his First Amendment right to record a police vehicle.

71.     In retaliation for this protected conduct, Defendant Ricketts intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently seized Plaintiff's phone without a warrant or any lawful basis.

72.     Plaintiff's retaliatory seizure was based on Defendant Ricketts' knowing, deliberate, and reckless disregard for the truth. Further, Defendant Ricketts had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

73.     Such retaliation would serve as a deterrent to a person of ordinary firmness from engaging in such protected conduct.

74.     The retaliation was motivated at least in part by the protected speech and action.

75.     There was a causal connection between Plaintiff's constitutionally protected conduct and the adverse retaliatory actions taken by the defendants against Plaintiff.

76.     Defendant Ricketts' conduct in seizing Plaintiff's property deprived him of his liberty without his consent, probable cause, legal justification, just cause, or any other legally valid reason.

77.    As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffers damages.

## COUNT IV
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (Fourth Amendment - Unlawful Search)

### *(Against Defendants Ricketts and City of Oklahoma)*

78.    Plaintiff incorporates herein all the prior allegations.

79.    The Fourth Amendment requires police officers to possess sufficient probable cause or reasonable suspicion before searching a criminal suspect.

80.    Defendant Ricketts intentionally, knowingly, and maliciously, recklessly, unreasonably, and/or gross negligently searched Plaintiff without a warrant or any lawful basis.

81.    At all times relevant, Plaintiff had a clearly established right to liberty, including unlawful search pursuant to the Fourth Amendment to the United States Constitution.

82.    At all times relevant, as a police officer acting under color of law, Defendant Ricketts was required to obey the laws of the United States.

83.    In violation of Plaintiff's clearly established constitutionally-protected right to be free from unreasonable search and seizure without due process of law under the Fourth Amendments to the United States Constitution, Defendant Ricketts and the City of Oklahoma unlawfully searched Plaintiff.

84.    As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

## COUNT V
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth Amendment - Unlawful Arrest)

### *(Against Defendants Ricketts and City of Oklahoma)*

85.    Plaintiff incorporates herein all the prior allegations.

86.    The Fourth Amendment requires police officers to possess sufficient probable cause before placing a criminal suspect under arrest.

87.    At all times relevant, Plaintiff had a clearly established right to liberty, including his right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force pursuant to the Fourth Amendment to the United States Constitution.

88.    At all times relevant, as a police officer acting under color of law, Defendant Ricketts was required to obey the laws of the United States.

89.    Defendant Ricketts intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently detained, handcuffed, and/or arrested Plaintiff without a warrant or any lawful basis.

90.    Plaintiff was handcuffed and detained by Defendant Ricketts for filming a police vehicle.

91.   After being handcuffed, Plaintiff was forcibly placed on the ground by Defendant Ricketts and was not free to leave and was therefore arrested and/or detained.

92.   Plaintiff's arrest was based on Defendant Ricketts' knowing, deliberate, and reckless disregard for the truth.

93.   Further, the Defendant Ricketts had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

94.   Defendant Ricketts intentionally arrested Plaintiff and/or had him arrested with the intention of confining him within fixed boundaries and kept him confined in their custody for a substantial amount of time before releasing him. Additionally, Defendant Rickett's conduct in arresting and confining Plaintiff deprived him of his liberty without his consent, probable cause, legal justification, just cause, or any other legally valid reason.

95.   All the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

96.    The acts complained of were carried out by Defendant Ricketts in his capacity as a police officer, pursuant to the customs, usages, practices, procedures, and the rules of the City of Oklahoma.

97.    Defendant Ricketts, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden under the Constitution of the United States.

98.    Defendant Ricketts' actions constituted unlawful arrests and/or detainment of Plaintiff.

99.    As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffered damages for his physical pain and suffering, mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

### COUNT VI
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth Amendment - Unlawful Seizure of Phone)

***(Against Defendants Ricketts and City of Oklahoma)***

100.  Plaintiff incorporates herein all the prior allegations.

101.  The Fourth Amendment requires police officers to possess sufficient probable cause before seizing the property of a criminal suspect.

102. Defendant Ricketts intentionally, knowingly, and maliciously, recklessly, unreasonably, and/or gross negligently seized Plaintiff's phone without a warrant or any lawful basis.

103. At all times relevant, Plaintiff had a clearly established right to liberty, including unlawful seizure pursuant to the Fourth Amendment to the United States Constitution.

104. At all times relevant, as a police officer acting under color of law, Defendant Ricketts was required to obey the laws of the United States.

105. The acts complained of were carried out by Defendant Ricketts in his capacity as a police officer, pursuant to the customs, usages, practices, procedures, and the rules of the City of Oklahoma.

106. Defendant Ricketts, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden under the Constitution of the United States.

107. In violation of Plaintiff's clearly established constitutionally-protected right to be free from punishment and deprivation of life, liberty, and property without due process of law under the Fourth Amendments to the United States Constitution, Defendant Ricketts unlawfully seized Plaintiff's property.

108.   As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

## COUNT VII
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth Amendment – Excessive Force)

### *(Against Defendant Ricketts and City of Oklahoma)*

109.   Plaintiff incorporates herein all the prior factual allegations.

110.   Plaintiff suffered injuries as described herein as a direct result of the excessive and unnecessary force used by Defendant Ricketts.

111.   As discussed herein, Defendant Ricketts handcuffed, threw Mr. Roth to the ground and leaned on his back with his knee. This caused Plaintiff physical pain and suffering.

112.   The physical attacks on Plaintiff were without legal justification.

113.   The force used was objectively unreasonable and not proportional as Plaintiff did not display any criminal, threatening, or aggressive behavior whatsoever to necessitate the use of any force.

114.   At all times relevant, Plaintiff had a clearly established right to liberty protected in the substantive component of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, including their right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force,

unreasonable force, and excessive force pursuant to the Fourth Amendment to the United States Constitution.

115.   At all times relevant, as a police officer acting under the color of law, Defendant Ricketts was required to obey the laws identified under the Fourth and Fourteenth Amendments of the United States.

116.   In violation of Plaintiff's clearly established rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, Defendant Ricketts employed unnecessary, unreasonable, and excessive force against Plaintiff, thereby inflicting personal injuries upon him.

117.   All the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

118.   The acts complained of were carried out by Defendant Ricketts in his capacity as a police officer, with the entire, actual, and/or apparent authority attendant thereto.

119.   As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff suffered damages for his physical, mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

**(Municipal Liability-Policy to Arrest for Recording a Police Vehicle)**
***(Against Defendant City of Oklahoma)***

120.  Plaintiff incorporates herein all the prior allegations.

121.  A municipality is liable under 42 U.S.C. § 1983 if the acts that violated a person's rights are attributable to its own policies, practices, and customs, including the actions of a final policy maker.

122.  At all times relevant to this complaint, Defendant City of Oklahoma acted with deliberate indifference to Plaintiff's constitutional rights by maintaining policies, practices, and customs that condoned and fostered Defendant Ricketts' conduct.

123.  This custom and policy that prohibits recording of police vehicles and permits officers to make arrests for such actions, was the standard operating procedure for Defendant Ricketts and the City of Oklahoma.

124.  This policy was evidenced by Defendant Ricketts, when he arrested Plaintiff filming a police vehicle.

125.  As a result of this policy and custom as reason to arrest for exercising protected conduct, Plaintiff was harmed and now seeks compensatory and punitive damages in addition to reasonable attorney fees.

**(Municipal Liability - Policy to Seize Cameras for Recording Parking lots and Police Officers)**
***(Against City of Oklahoma)***

126.  Plaintiff incorporates herein all the prior allegations.

127.  A municipality is liable under 42 U.S.C. § 1983 if the acts that violated a person's rights are attributable to its own policies, practices, and customs, including the actions of a final policy maker.

128.  At all times relevant to this complaint, Defendant City of Oklahoma acted with deliberate indifference to Plaintiff's constitutional rights by maintaining policies, practices, and customs that condoned and fostered Defendant Ricketts' conduct.

129.  This custom and policy that permits police officers to confiscate personal property, i.e. cameras / recording devices that are used to film police vehicles, was the standard operating procedure for Defendant Ricketts and the City of Oklahoma.

130.  This policy was evidenced by Defendant Ricketts, when he confiscated Plaintiff's camera / recording device used to record a police vehicle.

131.  As a result of this policy and custom as reason to arrest for exercising protected conduct, Plaintiff was harmed and now seeks compensatory and punitive damages in addition to reasonable attorney fees.

### (Municipal Liability-Failure to Train and Supervise)
*(Against City of Oklahoma)*

132.  Plaintiff incorporates herein all the prior allegations.

133.  A municipality is liable under 42 U.S.C. § 1983 if the alleged violations are attributable to its own policies, practices, and customs, including the actions of a final policy maker.

134.  At all times relevant to this complaint, Defendant City of Oklahoma acted with deliberate indifference to Plaintiff's constitutional rights by maintaining policies, practices, and customs that condoned and fostered Defendant Ricketts' conduct.

135.  In the alternative and at all times relevant to this complaint, Defendant City of Oklahoma, did not in fact have such policies in place, but failed to properly train Defendant Ricketts to the extent that he would not be capable of doing his job lawfully, thereby demonstrating deliberate indifference to Plaintiff's rights.

136.  Defendant City of Oklahoma failed to: (a) adequately supervise and train its officers and agents, including Defendant Ricketts, thereby failing to adequately discourage further constitutional violations on the part of its officers; and (b) properly and adequately monitor and discipline its officers.

137.  As is being pled in this alternative, the fundamental lack of knowledge of such basic Constitutionally protected conduct by a sergeant such as Defendant Ricketts, could only be the by-product of City of Oklahoma's failure to adequately train Defendant Ricketts before putting him in the position in which he was placed by Defendant City.

138.  Defendant City of Oklahoma failed to properly train its police officers on the proper standard for initiating an investigation of a criminal suspect, when to seize property, and when to bring criminal charges.

139.  Defendant City of Oklahoma's failure to adequately supervise and train its police officers on the proper procedures for investigations and criminal investigations caused Defendant Ricketts to violate Plaintiff's Constitutional rights.

140.  As a result of Defendant City of Oklahoma's failure to adequately train or correct their policy to arrest people and seize their property for exercising protected conduct, Plaintiff was harmed and seeks compensatory and punitive damages in addition to reasonable attorney fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Patrick Roth, demands judgment and prays for the following relief, jointly and severally, against all Defendants:

      a.      Full and fair compensatory damages in an amount to be determined by a jury;

      b.      Punitive damages in an amount to be determined by a jury;

      c.      Reasonable attorney's fees and costs of this action; and

      d.      Any such other relief as appears just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all triable issues, per Fed. R. Civ. P. 38(b).

Respectfully Submitted,

EXCOLO LAW, PLLC

*/s/ Solomon M. Radner*
Solomon M. Radner, Esq.
(admitted *pro hac vice*)
Attorney for Plaintiff
26700 Lahser Road, Suite 401
Southfield, MI 48033
(248) 291-9712
sradner@excololaw.com

Dated: October 31, 2019