IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PATRICK ROTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-903-G |
| | ) | |
| CITY OF OKLAHOMA CITY, | ) | **JURY TRIAL DEMANDED** |
| a municipal corporation, and | ) | |
| JOHN RICKETTS, individually, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANT CITY OF OKLAHOMA CITY TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW a Defendant, the City of Oklahoma City, and for its Answer to the

First Amended Complaint of Plaintiff filed herein, alleges and states the following:

1.     Defendant admits ¶ 1 of the First Amended Complaint insofar as the statutory and

constitutional issues in this action arise from 42 U.S.C. § 1983 and the First,

Fourth, and Fourteenth Amendments. Defendant denies ¶ 1 of the Amended

Complaint insofar as it insinuates Plaintiff's rights were violated.

2.     Defendant admits ¶ 2 of the First Amended Complaint and adds that 28 U.SC.

§1343 also provides jurisdiction.

3.     Defendant admits ¶ 3 of the First Amended Complaint.

4.     Defendant admits ¶ 4 of the First Amended Complaint

5.     Defendant is without information to admit or deny ¶ 5 of the First Amended

Complaint and therefore it is denied.

6.      Defendant admits ¶ 6 of the First Amended Complaint insofar as Defendant is a

political subdivision of the State of Oklahoma. Defendant admits the remainder of

this paragraph to the extent that the City was acting within the law but denies the

remainder of ¶ 6 of the First Amended Complaint as written.

7.      Defendant admits ¶ 7 only insofar as John Ricketts (Comm. 1126) is an employee

of the City of Oklahoma City and is assigned to its police department and is being

sued individually.  Defendant City states that it is redundant to name the City and

the individual officer in his official capacity.  According to the Municipal Code of

the City of Oklahoma City at §43-4, only the City Council and in some

circumstances, the Chief of Police, can set policy for the police department.  A

police officer cannot.    Because the individual defendant officer is not a

policymaker for the City, the official capacity claim against Defendant Ricketts is

not legally sufficient and should be dismissed.  Defendant City denies joint and

several liability.

8.      Defendant City admits that Ricketts was working an off-duty job in his OCPD

patrol vehicle and in his OCPD uniform. Defendant denies the remainder of ¶ 8 of

the First Amended Complaint. Defendant further states that there is no agency

named "City of Oklahoma" as incorporates this throughout this Answer.

9.      Defendant is without information to admit or deny ¶ 9 of the First Amended

Complaint and therefore it is denied.

10.      Defendant is without information to admit or deny ¶ 10 of the First Amended

Complaint and restates that there is no such agency as "City of Oklahoma".

11.　　Defendant admits ¶ 11 of the First Amended Complaint.

12.　　Defendant admits ¶ 12 of the First Amended Complaint and reserves the right to amend this response as the audio and/or video speaks for itself.

13.　　Defendant admits ¶ 13 of the First Amended Complaint and reserves the right to amend this response as the audio and/or video speaks for itself.

14.　　Defendant admits ¶ 14 of the First Amended Complaint and reserves the right to amend this response as the audio and/or video speaks for itself.

15.　　Defendant admits ¶ 15 of the First Amended Complaint. Defendant also notes there was additional conversation in between these two questions that are not included in the First Amended Complaint.  Defendant City reserves the right to amend this response as the audio and/or video speaks for itself

16.　　Defendant admits ¶ 16 of the First Amended Complaint and reserves the right to amend this response as the audio and/or video speaks for itself.

17.　　Defendant admits ¶ 17 of the First Amended Complaint and reserves the right to amend this response as the audio and/or video speaks for itself.

18.　　Defendant admits ¶ 18 of the First Amended Complaint and reserves the right to amend this response as the audio and/or video speaks for itself.

19.　　Defendant admits ¶ 19 of the First Amended Complaint and reserves the right to amend this response as the audio and/or video speaks for itself.

20.　　Defendant admits ¶ 20 of the First Amended Complaint and reserves the right to amend this response as the audio and/or video speaks for itself.

21.     Defendant admits ¶ 21 of the First Amended Complaint and reserves the right to

amend this response as the audio and/or video speaks for itself.

22.     Defendant admits ¶ 22 of the First Amended Complaint and reserves the right to

amend this response as the audio and/or video speaks for itself.

23.     Defendant is without information to admit or deny ¶ 23 of the First Amended

Complaint and reserves the right to amend this response as the audio and/or video

speaks for itself.

24.     Defendant is without information to admit or deny ¶ 24 of the First Amended

Complaint and reserves the right to amend this response as the audio and/or video

speaks for itself.

25.     Defendant is without information to admit or deny ¶ 25 of the First Amended

Complaint and reserves the right to amend this response as the audio and/or video

speaks for itself.

26.     Defendant is without information to admit or deny ¶ 26 of the First Amended

Complaint and reserves the right to amend this response as the audio and/or video

speaks for itself.

27.     Defendant is without information to admit or deny ¶ 27 of the First Amended

Complaint and reserves the right to amend this response as the audio and/or video

speaks for itself.

28.     Defendant is without information to admit or deny ¶ 28 of the First Amended

Complaint and reserves the right to amend this response as the audio and/or video

speaks for itself.

29.    Defendant is without information to admit or deny ¶ 29 of the First Amended

Complaint and reserves the right to amend this response as the audio and/or video

speaks for itself.

30.    Defendant is without information to admit or deny ¶ 30 of the First Amended

Complaint and reserves the right to amend this response as the audio and/or video

speaks for itself.

31.    Defendant is without information to admit or deny ¶ 31 of the First Amended

Complaint and reserves the right to amend this response as the audio and/or video

speaks for itself.

32.    Defendant admits ¶ 32 of the First Amended Complaint and reserves the right to

amend this response as the audio and/or video speaks for itself.

33.    Defendant admits ¶ 33 of the First Amended Complaint and reserves the right to

amend this response as the audio and/or video speaks for itself.

34.    Defendant admits ¶ 34 of the First Amended Complaint and reserves the right to

amend this response as the audio and/or video speaks for itself.

35.    Defendant admits ¶ 35 of the First Amended Complaint and reserves the right to

amend this response as the audio and/or video speaks for itself.

36.    Defendant is without information to admit or deny ¶ 36 of the First Amended

Complaint and reserves the right to amend this response as the audio and/or video

speaks for itself.

37.    Defendant admits ¶ 37 of the First Amended Complaint and reserves the right to

amend this response as the audio and/or video speaks for itself.

38.   Defendant admits ¶ 38 of the First Amended Complaint and reserves the right to amend this response as the audio and/or video speaks for itself.

39.   Defendant denies ¶ 39 of the First Amended Complaint.

40.   Defendant denies ¶ 40 of the First Amended Complaint.

41.   Defendant is without information to admit or deny ¶ 41 of the First Amended Complaint.

42.   Defendant is without information to admit or deny ¶ 42 of the First Amended Complaint and it is therefore denied.  Defendant City does not know what a LEIN check is.

43.   Defendant is without information to admit or deny ¶ 43 of the First Amended Complaint.

44.   Defendant City submits that ¶ 44 of the First Amended Complaint is an improper statement of the law and therefore no response is required.

45.   Defendant City submits that ¶ 45 of the First Amended Complaint is an improper statement of the law and therefore no response is required.

46.   Defendant denies ¶ 46 of the First Amended Complaint.

47.   Defendant denies ¶ 47 of the First Amended Complaint.

48.   Defendant denies ¶ 48 of the First Amended Complaint.

49.   Defendant denies ¶ 49 of the First Amended Complaint.

50.   Defendant denies ¶ 50 of the First Amended Complaint.

51.   Defendant incorporates herein all previous responses in response to ¶ 51.

52.    Defendant denies ¶ 52 of the First Amended Complaint as written and further states the lawfulness of recording the police vehicle, like any encounter with the police, depends on the circumstances.

53.    Defendant denies ¶ 53 of the First Amended Complaint as written.

54.    Defendant denies ¶ 54 of the First Amended Complaint and denies any allegation that it intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently engaged in acts which ignored any of Plaintiff's clear established statutory or constitutional rights.

55.    Defendant denies ¶ 55 of the First Amended Complaint.

56.    Defendant denies ¶ 56 of the First Amended Complaint.

57.    Defendant denies ¶ 57 of the First Amended Complaint.

58.    Defendant incorporates herein all previous responses in response to ¶58.

59.    Defendant denies ¶ 59 of the First Amended Complaint as written.

60.    Defendant denies ¶ 60 of the First Amended Complaint.

61.    Defendant denies ¶ 61 of the First Amended Complaint.

62.    Defendant denies ¶ 62 of the First Amended Complaint as it relates to Defendant City.

63.    Defendant denies ¶ 63 of the First Amended Complaint.

64.    Defendant denies ¶ 64 of the First Amended Complaint.

65.    Defendant denies ¶ 65 of the First Amended Complaint.

66.    Defendant is without information to admit or deny ¶ 66 of the First Amended Complaint and is therefore denied.

67.     Defendant denies ¶ 67 of the First Amended Complaint.

68.     Defendant incorporates herein all previous responses in response to ¶ 68.

69.     Defendant denies ¶ 69 of the First Amended Complaint.

70.     Defendant denies ¶ 70 of the First Amended Complaint.

71.     Defendant denies ¶ 71 of the First Amended Complaint.

72.     Defendant denies ¶ 72 of the First Amended Complaint.

73.     Defendant denies ¶ 73 of the First Amended Complaint.

74.     Defendant denies ¶ 74 of the First Amended Complaint.

75.     Defendant denies ¶ 75 of the First Amended Complaint.

76.     Defendant denies ¶ 76 of the First Amended Complaint.

77.     Defendant denies ¶ 77 of the First Amended Complaint.

78.     Defendant incorporates herein all previous responses in response to ¶78.

79.     Defendant admits ¶ 79 of the First Amended Complaint.

80.     Defendant denies ¶ 80 of the First Amended Complaint.

81.     Defendant admits ¶ 81 of the First Amended Complaint insofar as Plaintiff has a Fourth Amendment right to be secure against unreasonable searches. Defendant denies the remainder of ¶ 81 of the First Amended Complaint as written.

82.     Defendant admits ¶82 of the First Amended Complaint to the extent that police officers are "at all times relevant" required to obey the laws of the United States and that Officer Ricketts was acting within "the color of law." The remainder of the paragraph is denied as written.

83.     Defendant denies ¶ 83 of the First Amended Complaint.

84.    Defendant denies ¶ 84 of the First Amended Complaint.

85.    Defendant incorporates herein all previous responses in response to ¶ 85.

86.    Defendant admits ¶ 86 of the First Amended Complaint.

87.    Defendant admits ¶ 87 of the First Amended Complaint insofar as Plaintiff has a Fourth Amendment right to be secure against unreasonable seizures. Defendant denies the remainder of ¶ 87 of the First Amended Complaint as written.

88.    Defendant admits ¶82 of the First Amended Complaint to the extent that police officers are "at all times relevant" required to obey the laws of the United States and that Officer Ricketts was acting within "the color of law."  The remainder of the paragraph is denied as written.

89.    Defendant denies ¶ 89 of the First Amended Complaint.

90.    Defendant denies ¶ 90 of the First Amended Complaint.

91.    Defendant denies ¶ 91 of the First Amended Complaint.

92.    Defendant denies ¶ 92 of the First Amended Complaint.

93.    Defendant denies ¶ 93 of the First Amended Complaint.

94.    Defendant denies ¶ 94 of the First Amended Complaint.

95.    Defendant denies ¶ 95 of the First Amended Complaint.

96.    Defendant denies ¶ 96 of the First Amended Complaint.

97.    Defendant denies ¶ 97 of the First Amended Complaint.

98.    Defendant denies ¶ 98 of the First Amended Complaint.

99.    Defendant denies ¶ 99 of the First Amended Complaint.

100.   Defendant incorporates herein all prior responses in Response to ¶ 100.

101.    Defendant admits ¶ 101 of the First Amended Complaint.

102.    Defendant denies ¶ 102 of the First Amended Complaint.

103.    Defendant admits ¶ 103 of the First Amended Complaint insofar as Plaintiff has a
Fourth Amendment right to be secure against unreasonable seizures. Defendant
denies the remainder of ¶ 103 of the First Amended Complaint.

104.    Defendant admits ¶104 of the First Amended Complaint to the extent that police
officers are "at all times relevant" required to obey the laws of the United States
and that Officer Ricketts was acting within "the color of law."  The remainder of
the paragraph is denied as written.

105.    Defendant denies ¶ 105 of the First Amended Complaint.

106.    Defendant denies ¶ 106 of the First Amended Complaint.

107.    Defendant denies ¶ 107 of the First Amended Complaint.

108.    Defendant denies ¶ 108 of the First Amended Complaint.

109.    Defendant incorporates all previous responses in response to ¶ 89.

110.    Defendant denies ¶ 110 of the First Amended Complaint.

111.    Defendant is without information to admit or deny ¶ 111 of the First Amended
Complaint.

112.    Defendant denies ¶ 112 of the First Amended Complaint.

113.    Defendant denies ¶ 113 of the First Amended Complaint.

114.    Defendant admits ¶ 114 of the First Amended Complaint insofar as the Fourteenth
Amendment prohibits a state from depriving any person of life, liberty, or
property, without due process of law. Defendant denies the remainder of ¶ 114.

115.   Defendant admits ¶115 of the First Amended Complaint to the extent that "at all times relevant" Defendant Ricketts is required to obey the laws of the united states.  The remainder of the paragraph is denied as written.

116.   Defendant denies ¶ 116 of the First Amended Complaint.

117.   Defendant denies ¶ 117 of the First Amended Complaint.

118.   Defendant denies ¶ 118 of the First Amended Complaint as written.

119.   Defendant denies ¶ 119 of the First Amended Complaint.

120.   Defendant incorporates herein all previous responses in response to ¶ 120.

121.   Defendant admits ¶ 121 of the First Amended Complaint.

122.   Defendant denies ¶ 122 of the First Amended Complaint.

123.   Defendant denies ¶ 123 of the First Amended Complaint.

124.   Defendant denies ¶ 124 of the First Amended Complaint.

125.   Defendant denies ¶ 125 of the First Amended Complaint.  Plaintiff cannot be awarded punitive damages from the City as a matter of law.

126.   Defendant incorporates herein all previous responses in response to ¶ 126.

127.   Defendant admits ¶ 127 of the First Amended Complaint.

128.   Defendant denies ¶ 128 of the First Amended Complaint.

129.   Defendant denies ¶ 129 of the First Amended Complaint.

130.   Defendant denies ¶ 130 of the First Amended Complaint.

131.   Defendant denies ¶ 131 of the First Amended Complaint.  Plaintiff cannot be awarded punitive damages from the City as a matter of law.

132.   Defendant incorporates herein all previous responses in response to ¶132.

133.   Defendant admits ¶ 133 of the First Amended Complaint.

134.   Defendant denies ¶ 134 of the First Amended Complaint.

135.   Defendant denies ¶ 135 of the First Amended Complaint.

136.   Defendant denies ¶ 136 of the First Amended Complaint.

137.   Defendant denies ¶ 137 of the First Amended Complaint.

138.   Defendant denies ¶ 138 of the First Amended Complaint.

139.   Defendant denies ¶ 139 of the First Amended Complaint.

140.   Defendant denies ¶ 140 of the First Amended Complaint. Plaintiff cannot be awarded punitive damages against the City as a matter of law.

141.   Defendant City denies any new allegation in Plaintiff's Prayer for Relief and further incorporates its denials that it can be liable for punitive damages. Plaintiff is not entitled to recover punitive damages against the City. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981)(punitive damages are not available against a municipality in a §1983 claim).

**AFFIRMATIVE DEFENSES**

COMES NOW a Defendant, the City of Oklahoma City, and for its affirmative defenses, alleges and states the following:

1.   Plaintiff's First Amended Complaint has failed to state a state upon which relief may be granted under state or federal law.

2.   Defendant City has violated no duty owed to Plaintiff.

3.   Defendant City's training of its police officers, its policies and procedures are constitutional and have not caused a series of unconstitutional events.

4.    Plaintiff is not entitled to an award of punitive damages as to this Defendant on
any of his claims.

5.    Defendant City is exempt from liability and/or its liability is limited.

6.    That any alleged OCPD training and its policies, procedures, rules and/or customs
complained of in Plaintiff's First Amended Complaint, is not the actual OCPD
training and its policies, procedures, rules and customs.

7.    Defendant City affirmatively pleads that it cannot be held liable under the theory
of *respondeat superior* for any of Plaintiff's federal law claims.

WHEREFORE, Defendant City, having fully answered, prayerfully requests that
this Court grant it Judgment against Plaintiffs, its costs, and attorney fees.

Respectfully submitted,

KENNETH JORDAN
Municipal Counselor

By:   /s/ Katie Goff
Sherri R. Katz, OBA #14551
Katie Goff, OBA #32402
Dustin Parris, OBA #32095
Assistant Municipal Counselors
200 North Walker, Suite 400
Oklahoma City, Oklahoma 73102
(405) 297-2451
sherri.katz@okc.gov
katie.goff@okc.gov
dustin.parris@okc.gov
Attorneys for Defendant City

## CERTIFICATE OF MAILING

I hereby certify that on the 26th day of December, 2019, I electronically transmitted the attached Answer of Defendant City of Oklahoma City to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants: Solomon M. Radner, sradner@excololaw.com, attorney for Plaintiff; Ambre Gooch, ACG@czwlaw.com, and Stacey Felkner, SHF@czwlaw.com attorneys for Defendant Ricketts.


/s/ Katie Goff

Katie Goff, OBA #32402