IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICK ROTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-19-903-G |
| | ) |
| CITY OF OKLAHOMA CITY, | ) |
| a municipal corporation, and | ) |
| JOHN RICKETTS, individually, | ) |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## MOTION TO DISMISS OF DEFENDANT CITY
## AND BRIEF IN SUPPORT

COMES NOW a Defendant, City of Oklahoma City and pursuant to Rules 12(b)(6) and 41 of the Federal Rules of Civil Procedure and 12 O.S. § 95(3) and (4), moves this Court to dismiss portions of this action as is more fully set out in the Brief in Support filed herein.

### PROPOSITION NO. 1

### PLAINTIFF'S OFFICIAL CAPACITY CLAIMS AGAINST DEFENDANT RICKETTS MUST BE DISMISSED.

Plaintiff sues Defendant John Ricketts in his individual and official capacities. The Defendant officer was not a policymaker for the City and cannot set policy for the City of Oklahoma City.

In a §1983 cause of action against a municipality the acts at issue must have been done pursuant to a policy adopted by policymakers. *McMillian v. Monroe County, Alabama*,

520 U.S. 781, 785-86 (1997).  Whether an official has final policymaking authority is a question of state law.  *Jett v. Dallas Independent School District*, 491 U.S. 701, 737, 109 S Ct 2702 (1989); *St. Louis v. Praprotnik*, 485 U.S. 112, 1223, 108 S.Ct. 915 (1988); and *Pembaur v. Cincinnati*, 475 US 469, 483, 106 S Ct 1292 (1986) (plurality opinion).

>  In *Pembaur v. Cincinnati,* 475 U.S. 469, 481-83 (1986), the Court stated:
> 
> Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered.  The fact that a particular official – even a policymaking official – has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion.   See e.g., *Oklahoma City v. Tuttle*, 471 US, at 822-824, 85 L Ed 2d 791, 105 S Ct 2427 (footnote omitted).  The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable.  Authority to make municipal policy may be granted directly by a legislative enactment or may be delegated by an official who possesses such authority, and of course, whether an official had final policymaking authority is a question of state law.

According to the Municipal Code of the City of Oklahoma City at § 43-4[1], only the City Council and in some circumstances, the Chief of Police, can set policy for the police

---

[1] This section states:
>   (a) The Chief of Police shall be the chief administrative officer for the Police Department.  All members of the Police Department shall serve subject to the orders of the Chief of Police.
>   (a) [sic] The Chief of Police may prepare and submit to the City Council for its review and approval regulations and procedures relating to policy issues. These policies when approved shall be binding on all members of the Police Department.
>   (b) The Chief of Police may make such other rules and regulations not relating to policy issues as he shall deem advisable.  These rules may cover conduct of members of the Police Department, uniform and equipment to be worn or carried, identification badges, hours of service, vacation and all other similar matters necessary for better efficiency of the Police Department and, when promulgated by the Chief of Police, shall be binding on all members of the Police Department.

department and not a police officer. Because the individual officer is not a policymaker, the official capacity claims against the Defendant Officer is not legally sufficient and should be dismissed.

The official capacity claims against Ricketts are redundant. In *Brandon v. Holt*, 469 U.S. 464 (1985), the Supreme Court held that a suit against a public servant in his official capacity was a suit against the entity he represents and that as long as the entity had notice and an opportunity to respond, it did not matter that the entity was not named as a defendant. In *Kentucky v. Graham,* 473 U.S. 159 (1985), the Court explained that:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. See, e.g., *Scheuer v. Rhodes,* 416 US 232, 237-238, 40 L Ed 2d 90, 94 S Ct 1683, 71 Ohio Ops 2d 474 (1974). Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 US 658, 690, n 55, 56 L Ed 2d 611, 98 S Ct 2018 (1978). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Brandon*, supra, at 471-472, 83 L Ed 2d 878, 105 S Ct 873. It is *not* a suit against the official personally, for the real party in interest is the entity.

*Id.* at 165-66.

See also *Lopez v. LeMaster*, 172 F.3d 756, 762 (10th Cir. 1999), (a suit against the Sheriff in his official capacity was the same as a suit against the County.) There is no longer a need to bring official capacity actions against local government employees for their actions in implementing or executing policy since such an action can be brought directly against the governmental entity. *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir. 1998). In such cases, it is only the liability of the municipality itself that is an issue and

such a distinction must be drawn. *Brandon v. Holt*, 469 U.S. 464 (1985).  An action brought against an official for his action in implementing policy is an action against the entity itself that stands liable.  The parties are one and the same. *Brandon v. Holt, supra*, 469 U.S. at 471, citing *Monell, supra*, at 436 U.S. 658, 690.

The present action was brought against the City of Oklahoma City[2] and against OCPD Officer Ricketts, in his individual and official capacities. Officer Rickett's, as an individual defendant, cannot make policy for the City, but even if he could, it would be equated to the action of the entity itself. *Brandon v. Holt*, 469 U.S.464, n. 21. The City is already a Defendant in this lawsuit.  Thus, it is inappropriate to bring this action against Defendant Ricketts in his official capacity.  Plaintiff has failed to state a claim against Defendant Ricketts in his official capacities because he is not a policymaker for the City of Oklahoma City.  Additionally, even assuming Defendant Ricketts could set policy for the City, he is entitled to dismissal in his official capacity because it is redundant to name him when the entity he represents is already named as a Defendant.

## PROPOSITION NO. 2

**PUNITIVE DAMAGES ARE PROHIBITED AGAINST THE CITY AND/OR OFFICER RICKETTS IN HIS OFFICIAL CAPACITY.**

Plaintiff sues Defendant Ricketts, in his individual and official capacities and Defendant City and asks for punitive damages.  Punitive damages are prohibited against Defendant City, and because a suit against Officer Ricketts in his official capacity is the

---

[2] Throughout Plaintiff's First Amended Complaint, he refers to Defendant City of Oklahoma City as "City of Oklahoma" which does not exist.

same as suing the City, they are also prohibited against Officer Ricketts in his official capacity in this matter. This prohibition comes from both federal law (*City of Newport v. Fact Concerts,* 453 U.S. 247 (1981)) and state law (51 O.S. § 154B). Accordingly, Plaintiff's requests for punitive damages against the City and Officer Ricketts in his official capacity should be dismissed.

                                      KENNETH JORDAN
                                      Municipal Counselor

By:  /s/ Katie Goff
      Sherri R. Katz, OBA #14551
      Katie Goff, OBA #32402
      Dustin Parris, OBA #32095
      Assistant Municipal Counselors
      200 North Walker, Suite 400
      Oklahoma City, Oklahoma 73102
      (405) 297-2451
      sherri.katz@okc.gov
      katie.goff@okc.gov
      dustin.parris@okc.gov
      Attorneys for Defendant City

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of December, 2019, I electronically transmitted the attached Motion to Dismiss of Defendant City of Oklahoma City to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants: Solomon M. Radner, sradner@excololaw.com, attorney for Plaintiff; Ambre Gooch, ACG@czwlaw.com and Stacey Felkner, SHF@czwlaw.com, attorneys for Defendant Ricketts.

/s/   Katie Goff

Katie Goff, OBA #32402