IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) PATRICK ROTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-19-903-G |
| | ) | |
| (1) JOHN RICKETTS (BADGE #1126) and | ) | JURY TRIAL DEMANDED |
| (2) OKLAHOMA CITY, a political | ) | |
| subdivision of the State of Oklahoma, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT JOHN RICKETTS

In response to the allegations of Plaintiff Patrick Roth, Defendant John Ricketts alleges and states:

## JURISDICTION AND VENUE

1. Defendant Ricketts admits that Plaintiff Roth is seeking relief under 42 U.S.C. §1983 for violations of the First, Fourth and Fourteenth Amendments, but denies that Plaintiff's constitutional rights were violated.

2. Admitted.

3. Admitted.

4. Admitted.

## PARTIES

5. Denied.

6. Admitted.

7. Defendant Ricketts denies he is a resident of Oklahoma County, but admits

he is a resident of the Western District of Oklahoma. Defendant Ricketts also denies that he is, or legally can be, sued in his official capacity. See, Doc. No. 24. The remaining allegations of Paragraph 7 are admitted.

8. Admitted.

9. Defendant Ricketts admits Plaintiff Roth was in the area of Hudson and Fourth Streets in Oklahoma City. The remaining allegations are denied.

10. With respect to the allegations of Paragraph 10, Defendant Ricketts admits he was in his police vehicle in a parking lot, but denies he was asleep.

11. Admitted.

12. With respect to the allegations of Paragraph 12, Defendant Ricketts admits he exited his vehicle at some point, but not before speaking to Plaintiff Roth and asking what Roth needed.

13. Admitted.

14. Admitted.

15. Admitted.

16. Denied.

17. Admitted.

18. With respect to the allegations of Paragraph 18, Defendant Ricketts admits he instructed Roth to get away from Ricketts and the police vehicle, but denies that the "quoted" statement is a direct quote and/or a complete and accurate representation of the conversation.

19. Denied.

20. With respect to the allegations of Paragraph 20, Defendant Ricketts admits he instructed Roth to get away from Ricketts and the police vehicle, but denies that the "quoted" statement is a direct quote and/or a complete and accurate representation of the conversation.

21. With respect to the allegations of Paragraph 21, Defendant Ricketts admits that Roth made some statement accusing Ricketts of "sleeping on the job." Defendant Ricketts denies he was asleep, and further denies that the "quoted" statement is a direct quote and/or a complete and accurate representation of the conversation.

22. Denied.

23. With respect to the allegations of Paragraph 23, Defendant Ricketts admits Roth walked to the back of the police car, but has no knowledge of Roth's purpose or intent in doing so.

24. With respect to the allegations of Paragraph 24, Defendant Ricketts admits his passenger, Gaylene Ricketts, asked if Roth needed help, but denies that the "quoted" statement is a direct quote and/or a complete and accurate representation of the conversation.

25. With respect to the allegations of Paragraph 25, Defendant Ricketts admits Roth said he was getting the vehicle number, but denies that the "quoted" statement is a direct quote and/or a complete and accurate representation of the conversation.

26. Admitted.

27. With respect to the allegations of Paragraph 27, Defendant Ricketts admits Roth made a statement like "he [Ricketts] is not allowed to sleep." Defendant Ricketts

denies he was asleep.

28. Admitted.

29. Denied.

30. With respect to the allegations of Paragraph 30, Defendant Ricketts admits this or a similar statement was made, but denies that the "quoted" statement is a direct quote and/or a complete and accurate representation of the conversation.

31. With respect to the allegations of Paragraph 31, Defendant Ricketts admits this or a similar statement was made, but denies that the "quoted" statement is a direct quote and/or a complete and accurate representation of the conversation.

32. With respect to the allegations of Paragraph 32, Defendant Ricketts admits Roth eventually came back to the driver's side of the vehicle, but only after walking around the vehicle for several minutes.

33. Admitted.

34. With respect to the allegations of Paragraph 34, Defendant Ricketts admits this or a similar statement was made, but denies that the "quoted" statement is a direct quote and/or a complete and accurate representation of the conversation.

35. With respect to the allegations of Paragraph 35, Defendant Ricketts admits this or a similar statement was made, but denies that the "quoted" statement is a direct quote and/or a complete and accurate representation of the conversation.

36. With respect to the allegations of Paragraph 36, Defendant Ricketts admits he briefly took Roth's phone and placed it in the back seat of the police car while he checked for weapons and outstanding warrants.

37. Denied.

38. Denied.

39. Admitted.

40. Denied.

41. With respect to the allegations of Paragraph 41, Defendant Ricketts requested and received permission from Roth to take Roth's ID out of Roth's wallet.

42. Denied.

43. Admitted.

44. Denied. There is no general, unlimited right to film police vehicles and/or police officers in any and all circumstances. To the extent Roth had a constitutional right to film Sgt. Ricketts and/or his police vehicle in the instant case, that right did not allow Roth to ignore lawful commands or to behave in a threatening manner.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

**COUNT I**
**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983**
**First Amendment—Unlawfully Preventing Recording**
**of Parking Lot and a Police Officer**

*(Against Defendants Ricketts and City of Oklahoma [sic])*

51. Defendant Ricketts' responses to the allegations contained in Paragraphs 1-50 of Plaintiff's Amended Complaint are restated and incorporated by reference.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

**COUNT II**
**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983**
**First Amendment—Retaliation for Protected Conduct**

*(Against Defendants Ricketts and City of Oklahoma [sic])*

58. Defendant Ricketts' responses to the allegations contained in Paragraphs 1-57 of Plaintiff's Amended Complaint are restated and incorporated by reference.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

## COUNT III
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983
### First Amendment—Retaliation for Protected Conduct

*(Against Defendants Ricketts and City of Oklahoma [sic])*

68. Defendant Ricketts' responses to the allegations contained in Paragraphs 1-67 of Plaintiff's Amended Complaint are restated and incorporated by reference.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

## COUNT IV
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983
### Fourth Amendment—Unlawful Search

*(Against Defendants Ricketts and City of Oklahoma [sic])*

78. Defendant Ricketts' responses to the allegations contained in Paragraphs 1-

77 of Plaintiff's Amended Complaint are restated and incorporated by reference.

79. Admitted.

80. Denied.

81. Denied.  As the Supreme Court and Tenth Circuit have repeatedly recognized, the relevant question for purposes of qualified immunity is not whether a broad general proposition was clearly established but whether the violative nature of particular conduct was clearly established. This is particularly true in the Fourth Amendment context, where "the result depends very much on the facts of each case" and it is often difficult for an officer to determine how the relevant legal doctrine will apply to the factual situation the officer confronts. *Cummings v. Dean*, 913 F. 3d 1227, 1240 (10th Cir. 2019).

82. Admitted.

83. Denied.

84. Denied.

## COUNT V
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983
### Fourth Amendment—Unlawful Arrest

*(Against Defendants Ricketts and City of Oklahoma [sic])*

85. Defendant Ricketts' responses to the allegations contained in Paragraphs 1-84 of Plaintiff's Amended Complaint are restated and incorporated by reference.

86. Admitted.

87. Denied.  As the Supreme Court and Tenth Circuit have repeatedly recognized, the relevant question for purposes of qualified immunity is not whether a broad general proposition was clearly established but whether the violative nature of particular

8

conduct was clearly established. This is particularly true in the Fourth Amendment context, where "the result depends very much on the facts of each case" and it is often difficult for an officer to determine how the relevant legal doctrine will apply to the factual situation the officer confronts. *Cummings v. Dean*, 913 F. 3d 1227, 1240 (10th Cir. 2019).

88. Admitted.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Admitted.

97. With respect to the allegations of Paragraph 97, Defendant Ricketts admits he was acting under color of state law, but denies he took any action which was unconstitutional.

98. Denied.

99. Denied.

### COUNT VI
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983
### Fourth Amendment—Unlawful Seizure of Phone

*(Against Defendants Ricketts and City of Oklahoma [sic])*

100. Defendant Ricketts' responses to the allegations contained in Paragraphs 1-

99 of Plaintiff's Amended Complaint are restated and incorporated by reference.

101. Admitted.

102. Denied.

103. Denied. As the Supreme Court and Tenth Circuit have repeatedly recognized, the relevant question for purposes of qualified immunity is not whether a broad general proposition was clearly established but whether the violative nature of particular conduct was clearly established. This is particularly true in the Fourth Amendment context, where "the result depends very much on the facts of each case" and it is often difficult for an officer to determine how the relevant legal doctrine will apply to the factual situation the officer confronts. *Cummings v. Dean*, 913 F. 3d 1227, 1240 (10th Cir. 2019).

104. Admitted.

105. Admitted.

106. With respect to the allegations of Paragraph 106, Defendant Ricketts admits he was acting under color of state law, but denies he took any action which was unconstitutional.

107. Denied.

108. Denied.

## COUNT VII
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983
### Fourth Amendment—Excessive Force

*(Against Defendants Ricketts and City of Oklahoma [sic])*

109. Defendant Ricketts' responses to the allegations contained in Paragraphs 1-108 of Plaintiff's Amended Complaint are restated and incorporated by reference.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied. As the Supreme Court recognized in *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989), all claims that law enforcement officers have used excessive force are analyzed under the objective reasonableness standard of the Fourth Amendment rather than the more generalized substantive due process standard of the Fourteenth Amendment.

115. With respect to the allegations of Paragraph 115, Defendant Ricketts admits he was required to obey the law and the constitution. Defendant Ricketts denies Plaintiff has "identified" any laws or constitutional provisions which were violated.

116. Denied.

117. Denied.

118. Admitted.

119. Denied.

### Municipal Liability—Policy to Arrest for Recording a Police Vehicle
*(Against City of Oklahoma [sic])*

120-125. This cause of action is not asserted against Defendant Ricketts; therefore, no response from Defendant Ricketts is necessary.

## Municipal Liability—Policy to Seize Cameras for Recording Parking Lots and Police Officers
*(Against City of Oklahoma [sic])*

126-131.    This cause of action is not asserted against Defendant Ricketts; therefore, no response from Defendant Ricketts is necessary.

## Municipal Liability—Failure to Train and Supervise
*(Against City of Oklahoma [sic])*

132-140.    This cause of action is not asserted against Defendant Ricketts; therefore, no response from Defendant Ricketts is necessary.

## PRAYER FOR RELIEF

WHEREFORE, with respect to Plaintiff's demand for judgment and prayer for relief, Defendant Ricketts denies Plaintiff is entitled to recover actual or compensatory damages, punitive damages, attorneys' fees and costs, or any other relief.

## JURY DEMAND

Defendant Ricketts has no objection to Plaintiff's demand for trial by jury under Rule 38(b) of the Federal Rules of Civil Procedure.

## DEFENSES

1.    Plaintiff has failed to state a claim against Defendant Ricketts in his individual capacity for any relief under 42 U.S.C. § 1983.

2.    Plaintiff has failed to state against Defendant Ricketts under the First, Fourth or Fourteenth Amendments of the United States Constitution.

3. At all relevant times, Defendant Ricketts was acting under color of law, within the course and scope of his employment as a police officer for the City of Oklahoma City, and within the training provided to him by the City of Oklahoma City.

4. At all relevant times, Defendant Ricketts was acting pursuant to his statutory duties as a law enforcement officer.

5. At all relevant times, Defendant Ricketts was acting in good faith and without malice towards Plaintiff or reckless disregard for Plaintiff's civil rights.

6. Defendant Ricketts had reasonable suspicion to believe Plaintiff Roth was engaged in criminal behavior, and therefore was justified in briefly detaining Roth to investigate his actions.

7. Defendant Ricketts was entitled to take reasonable steps, including handcuffing Roth, to protect himself while Roth was under investigative detention.

8. Any force used by Defendant Ricketts was objectively reasonable, necessary and appropriate in light of the circumstances with which he was confronted.

9. Any damages sustained by Plaintiff were caused by his own unlawful, intentional and/or negligent acts.

10. Defendant Ricketts is entitled to qualified immunity.

11. Defendant Ricketts' actions did not violate clearly established law.

12. Claims based on violations of municipal policies or police procedure are not actionable under 42 U.S.C. §1983.

13. Any noneconomic damages claimed by Plaintiff are subject to the statutory limitations contained in 23 O.S. § 61.2.

14. Plaintiff has failed to state, and the evidence will not support, a claim for punitive damages against any Defendant Ricketts.

15. An award of punitive damages would violate the principle of due process and the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Defendant Ricketts, having fully answered, requests that this Court grant judgment to him and against the Plaintiff, with costs and attorney fees.

Respectfully submitted,

s/ Stacey Haws Felkner
Ambre C. Gooch, OBA No. 16586
Stacey Haws Felkner, OBA No.14737
COLLINS, ZORN & WAGNER, P.C.
429 N.E. 50th Street, 2nd Floor
Oklahoma City, OK 73105-1815
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail: acg@czwlaw.com
 shf@czwlaw.com
ATTORNEYS FOR DEFENDANT JOHN RICKETTTS

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Eric D. Cotton, email at: eric.cotton@thecottonlawfirm.com
THE COTTON LAW FIRM, PLLC
422 E. 2nd Street
Edmond, OK 73034

Solomon R. Radner, email at: sradner@excololaw.com
EXCOLO LAW, PLLC
26700 Lahser Road, Suite 401
Southfield, MI 48033
***Attorneys for Plaintiff***

Sherri R. Katz, email at: sherri.katz@okc.gov
Katie Goff, email at: Katie.goff@okc.gov
Dustin Parris, email at: dustin.parris@okc.gov
The City of Oklahoma City
Municipal Counselor's Office
200 N. Walker Avenue, Suite 400
Oklahoma City, OK 73102
***Attorneys for Defendant Oklahoma City***

                                                  s/ Stacey Haws Felkner
                                                  Stacey Haws Felkner