# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| PATRICK ROTH<br>　　　　　Plaintiff,<br>v.<br><br>JOHN RICKETTS (BADGE #1126);<br>And OKLAHOMA CITY<br>　　　　　Defendants. | )<br>)<br>)<br>) Case No.civ-19-903-G<br>)<br>)<br>)<br>)<br>) |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:  Wednesday, February 5, 2020 at 11:20 a.m.

Appearing for Plaintiff:  Solomon M. Radner

Appearing for Defendants:  Katie Goff and Sherri Katz for Defendant City of Oklahoma City

Appearing for Defendant Ricketts: Ambre C. Gooch and Stacey Haws Felkner

**Jury Trial Demanded** ☒ **Non-Jury Trial** ☐

1. **BRIEF PRELIMINARY STATEMENT.** State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

Plaintiff's Statement:

　　On September 18, 2019, in the evening, Plaintiff Patrick Roth was walking near Hudson and Fourth Street in Oklahoma City while recording general public scenes with his cell phone camera. He continued to record a parking lot to his right, where an Oklahoma City Police Officer appeared to be sleeping in his patrol vehicle while on duty. Mr. Roth approached the vehicle and asked if the officer needed EMS service and for the officer's name. Plaintiff Roth circled the vehicle to get the vehicle number, then a woman who was sitting in the passenger seat asked Plaintiff, "Can I help you?" Defendant Ricketts then got out of his vehicle and grabbed the phone out of Plaintiff's hands. Defendant Ricketts then handcuffed Mr. Roth while pressing him against the police vehicle. Ricketts then threw Mr. Roth to the ground and placed his knee on Mr. Roth's back, causing severe pain. Ricketts, then took

1

Mr. Roth's wallet and license, and proceeded to run a LEIN check on Roth for no legal reason, which came up clean. Plaintiffs belongings were then returned to him.

Plaintiff's Amended Complaint (ECF 11) contains the following counts:

i. First Amendment – Unlawfully preventing the recording of a public place and police officer
ii. First Amendment – Retaliation for protected conduct (unlawful detainment)
iii. First Amendment – Retaliation for protected conduct (unlawful seizure of phone and belongings)
iv. Fourth Amendment – Unlawful search
v. Fourth Amendment – Unlawful detainment
vi. Fourth Amendment – Unlawful seizure of phone and belongings
vii. Fourth Amendment – Excessive force
viii. Municipal Liability – Policy to arrest citizens for recording police
ix. Municipal Liability – Policy to seize property for recording police
x. Municipal Liability – Failure to train and supervise


Defendant City's Statement:

On September 18, 2019, Plaintiff Patrick Roth, who identified himself as a "YouTuber" and "First Amendment Auditor", posted a video on YouTube of Sergeant John Ricketts seated inside his marked Oklahoma City Police Department Vehicle.  Ricketts was waiting to begin a off-duty job for Embark and had brought his wife along with him.  While waiting, Ricketts had closed his eyes while his wife was reading him an article from her phone.  During this time, Plaintiff confronted Ricketts and his wife in his vehicle.  Ricketts found Plaintiff to be "emboldened" and "aggressive" causing him to believe that Plaintiff may have a weapon and to fear for his safety and the safety of his wife. Ricketts placed Plaintiff in handcuffs, lowered him to the ground, and checked for warrants.  Plaintiff expressed he was having a panic attack.  Ricketts offered to call for EMSA, but Plaintiff declined.  After finding he was clear for warrants, Ricketts removed the handcuffs, returned Plaintiff's ID and camera (which had been taken when Plaintiff was handcuffed), and provided his commission number to Plaintiff.  Roth then left the area on foot, and Ricketts began his off-duty job.

Plaintiff alleges civil rights violations against Defendant City, specifically under the First and Fourth Amendments.  Plaintiff additionally alleges municipal liability against Defendant City based upon its alleged policies regarding seizure of cameras, prohibition of recording police, and failure to train or supervise its officers.

Defendant City denies Plaintiff's claims.

Defendant Ricketts' Statement:

On September 18, 2019, Defendant Ricketts was working an extra-duty job for Embark (the public transportation system). At the time of this incident, Ricketts was sitting in his police car, along with his wife, waiting to board and ride the streetcar. Ricketts had his eyes shut, and his wife was reading an article to him from her phone. Plaintiff Roth approached the vehicle and beginning questioning Roth as to whether Roth needed medical assistance. Roth was video recording the encounter, and it became apparent to Sgt. Ricketts that Roth was trying to provoke a response. Sgt. Ricketts told Roth to stay away from him and from the vehicle. Sgt. Ricketts initially got back into his police car, but when Roth continued to walk around the car for several minutes, Sgt. Ricketts believed Roth might pose a safety threat. Sgt. Ricketts briefly detained Roth to check for weapons and warrants and placed his personal belongings in the police car. After confirming that Roth was not armed and did not have outstanding warrants, Sgt. Ricketts returned Roth's personal property. Roth walked away, and Sgt. Ricketts and his wife boarded the next streetcar. Sgt. Ricketts denies that his actions violated Roth's First or Fourth Amendment rights. Sgt. Ricketts asserts the defense of qualified immunity.

2. **JURISDICTION**. State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

    Jurisdiction is based on federal question jurisdiction as contemplated by 28 U.S.C. § 1331, which extends jurisdiction of all civil actions arising under the "constitution, laws and treaties of the United States" to federal courts. The federal laws at issue in this instance is 42 U.S.C. § 1983, and the First, and Fourth Amendments to the United States Constitution, as alleged in Plaintiff's Complaint.

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

    a. The court has jurisdiction.
    b. Venue is proper in this court.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

    a.   Plaintiff: Plaintiff Roth, demands relief for punitive damages in an amount to be determined by the jury, full and fair compensatory damages in an amount to be determined by the jury, reasonable attorney's fees and costs of this action and any such relief as appears just and proper. Additionally, Plaintiff contends that the

following statements are facts, but Defendants disagree:

    1. Plaintiff has a constitutional right to film/record public places and police.
    2. Plaintiff was detained for several minutes by defendant Ricketts.
    3. Defendant Ricketts searched Plaintiff.
    4. Defendant Ricketts seized Plaintiff's belongings.
    5. Defendant Ricketts searched Plaintiff's information through the Law Enforcement Information Network (LEIN

b.    <u>Defendant City:</u>

    I. Defendant City has violated no duty owed to Plaintiff.

    II. Defendant City's training of its police officers, its policies and procedures, and rules are constitutional and have not caused a series of unconstitutional events.

    III. Defendant City is exempt from liability and/or its liability is limited.

    IV. That any alleged OCPD training and its policies, procedures, rules and/or customs complained of in Plaintiff's First Amended Complaint, are not the actual OCPD training, policies, procedures, rules and customs.

c.    <u>Defendant Ricketts:</u>

    1.    Plaintiff has failed to state a claim against Defendant Ricketts in his individual capacity for any relief under 42 U.S.C. § 1983.
    2.    Plaintiff has failed to state against Defendant Ricketts under the First, Fourth or Fourteenth Amendments of the United States Constitution.
    3.    At all relevant times, Defendant Ricketts was acting under color of law, within the course and scope of his employment as a police officer for the City of Oklahoma City, and within the training provided to him by the City of Oklahoma City.
    4.    At all relevant times, Defendant Ricketts was acting pursuant to his statutory duties as a law enforcement officer.
    5.    At all relevant times, Defendant Ricketts was acting in good faith and without malice towards Plaintiff or reckless disregard for Plaintiff's civil rights.
    6.    Defendant Ricketts had reasonable suspicion to believe Plaintiff Roth was engaged in criminal behavior, and therefore was justified in briefly detaining Roth to investigate his actions.

7. Defendant Ricketts was entitled to take reasonable steps, including handcuffing Roth, to protect himself while Roth was under investigative detention.
8. Any force used by Defendant Ricketts was objectively reasonable, necessary and appropriate in light of the circumstances with which he was confronted.
9. Any damages sustained by Plaintiff were caused by his own unlawful, intentional and/or negligent acts.
10. Defendant Ricketts is entitled to qualified immunity.
11. Defendant Ricketts' actions did not violate clearly established law.
12. Claims based on violations of municipal policies or police procedure are not actionable under 42 U.S.C. §1983.
13. Any noneconomic damages claimed by Plaintiff are subject to the statutory limitations contained in 23 O.S. § 61.2.
14. Plaintiff has failed to state, and the evidence will not support, a claim for punitive damages against any Defendant Ricketts.
15. An award of punitive damages would violate the principle of due process and the Fourteenth Amendment to the United States Constitution.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

☐ Yes    ☒ No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

Defendant Oklahoma City filed a motion to dismiss (ECF 24) on December 26, 2019, seeking to dismiss the allegations against defendant Ricketts in his official capacity, and to dismiss plaintiff's claim for punitive damages against defendant Oklahoma City. Plaintiff filed his response agreeing with the City's position, on January 16, 2020 (ECF 28).

Defendant City anticipates filing a dispositive motion in compliance with any scheduling order entered by the Court.

Defendant Ricketts anticipates filing a dispositive motion by the date set in the scheduling order.

Plaintiff anticipates filing a dispositive motion by the date set in the scheduling

order.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?

Defendant Ricketts provided his Rule 26(a)(1) disclosures on January 7, 2020 (ECF 27).

Defendant City provided its Rule 26(a)(1) disclosures on January 24, 2020.

Plaintiff will provide their Rule 26(a)(1) disclosures by February 7, 2020.

8. **PLAN FOR DISCOVERY**.

   A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held telephonically on January 24, 2020.

   B. The parties anticipate that discovery should be completed within <u>six (6)</u> months.

   C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? <u>Six (6) months</u>.

   D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

   ☒ Yes   ☐ No

   E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

   ☒ Yes   ☐ No

   To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

   The parties have discussed the disclosure of privileged and

    confidential materials, and anticipate filing a motion regarding confidentiality of certain documents.

  F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.
    _____

9. **ESTIMATED TRIAL TIME**: Three (3) days

10. **BIFURCATION REQUESTED**: ☐ Yes ☒ No

11. **POSSIBILITY OF SETTLEMENT**: ☐ Good ☐ Fair ☒ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

  A. Compliance with LCvR 16.1(a)(1) - ADR discussion: ☒ Yes ☐ No

  B. The parties request that this case be referred to the following ADR process:

    ☐ Court-Ordered Mediation subject to LCvR 16.3
    ☐ Judicial Settlement Conference
    ☐ Other _____
    ☒ None - the parties do not request ADR at this time.

13. Parties consent to trial by Magistrate Judge? ☐ Yes ☒ No

14. Type of Scheduling Order Requested. ☐ Standard ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Defendant Ricketts requests a specialized scheduling order, as set forth below:

Defendant Ricketts requests a Scheduling Order with a discovery cutoff that is prior to the due date for dispositive motions, and requests that no trial date and no date for motions in limine, pretrial report, jury instructions, or voir dire be set until after the Court has ruled on Ricketts' dispositive motion on the issue of qualified immunity. Qualified immunity is an entitlement not to stand trial or face the burdens of litigation. It is an immunity from suit rather than a mere defense to liability. *Mitchell v. Forsyth*, 472 U.S. 511, 527, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985). And, the denial of qualified immunity is subject to an immediate, interlocutory appeal. *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S. Ct. 2806, 86 L. Ed.2d 411

(1985). The interests of judicial economy and efficiency are best served, and the time and cost of preparing for trial will be reduced, by waiting to set trial and pretrial deadlines until after there has been a final determination on Ricketts' qualified immunity defense.

Plaintiff requests a standard scheduling order. Whether or not the defendants plan on appealing qualified immunity, the trial court is best-served entering a standard scheduling order with all standard deadlines. The reason for this is simply that in the event the defendants appeal on qualified immunity grounds, then those dates will obviously be adjourned and no expense or time will have been wasted. But if after discovery closes, the defendants possibly come to the realization perhaps that there is simply no way the defendant officer is entitled to qualified immunity and to therefore not file an appeal, the parties will at that point in time could be looking at a trial date that is months or perhaps years later than if it is scheduled earlier.

Submitted this 28th day of January, 2020.

Respectfully submitted,

s/ Solomon M. Radner
Solomon M. Radner (*pro hac vice*)
Michigan Bar No. P73653
EXCOLO LAW, PLLC
26700 Lahser Rd., Suite 401
Southfield, MI 48033
(866) 939-2656
sradner@excololaw.com

*Attorneys for Plaintiff*

s/ Stacey Haws Felkner
Ambre C. Gooch, OBA No. 16586
Stacey Haws Felkner, OBA No.14737
COLLINS, ZORN & WAGNER, P.C.
429 N.E. 50th Street, 2nd Floor
Oklahoma City, OK 73105-1815
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail: acg@czwlaw.com
shf@czwlaw.com

*Attorneys for Defendant Ricketts*

        KENNETH JORDAN
        Municipal Counselor

By:  /s/ Katie Goff
       Sherri R. Katz, OBA #14551
       Katie Goff, OBA #32402
       Dustin Parris, OBA #32095
       Assistant Municipal Counselors
       200 North Walker, Suite 400
       Oklahoma City, Oklahoma 73102
       (405) 297-2451
       sherri.katz@okc.gov
       katie.goff@okc.gov
       dustin.parris@okc.gov

*Attorneys for Defendant City*

## CERTIFICATE OF SERVICE

Undersigned hereby states that on January 28, 2020, he caused the foregoing document to be filed electronically with the United States District Court and that a copy of said document was sent to all counsel of record through the Court's CM/ECF electronic filing system.

        s/ Solomon M. Radner