UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICK ROTH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-19-903-G |
| | ) |
| JOHN RICKETTS (BADGE #1126) | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |

## AGREED PROTECTIVE ORDER

An agreed motion for protective order presented by the parties is before the Court. The parties have agreed to the form and stipulate to the entry of this Order to govern the production of confidential information in the course of this litigation. The Court finds good cause exists for the issuance of this protective order under Federal Rule of Civil Procedure 26(c). Therefore, the motion (Doc. No. 36) is GRANTED. It is further ordered that:

1. The following materials produced or to be produced during the course of this litigation are deemed private and confidential and subject to this Order:

    A.    Medical, psychological, or counseling records related to any party or employee of Defendant City of Oklahoma City, and information contained in such records;

    B.    Personnel records and information designated as confidential by the Open Records Act, 51 O.S. § 24.7(A), shall be maintained as confidential, but information open to public inspections under 51 O.S. § 24.7(B) shall not be confidential;

    C.    Social Security numbers and dates of birth of any parties;

    D.    Unlisted home addresses or unlisted home or mobile telephone numbers and personal email addresses;

E. All other information identified as confidential pursuant to Rule 5.2 of the Federal Rules of Civil Procedure;

F. Any and all information or documents contained within the personnel files of Sgt. Ricketts and other City employees in the possession of the Defendant City of Oklahoma City, to include, but not limited to: disciplinary records, performance evaluations and/or complaints; and

G. Any documents related to or contained within any investigation file(s) in the possession of Defendant City of Oklahoma City.

The confidential materials described above shall remain confidential and, absent permission by the Court, are to be used only for purpose of preparation and presentation of this case for trial, settlement matters, during prejudgment and postjudgment appeals, and postjudgment collection.

2. Such private and confidential materials may only be disclosed to:

   a. The parties;

   b. The attorneys for the parties and the attorneys' staff;

   c. Court staff and staff of the Court Clerk;

   d. Any witnesses during the course of depositions or preparations for trial;

   e. Any court reporter or videographer;

   f. Any person who is or reasonably may be expected to be a witness in this action; and

   g. Any person who reasonably would need to see such materials in order to give testimony or information related to the case, to form opinions, or to serve as a consultant with regard to issues in the action.

3. Prior to disclosure of documents or information designated as "confidential" pursuant to this Order to the parties, potential witnesses, witnesses or persons retained to serve as consulting experts for Plaintiff or Defendants or to any person

identified above, counsel shall show such person(s) a copy of this Order indicating that the material is to remain confidential.

4. The party seeking discovery shall have the right to challenge any designation of confidentiality by first negotiating in good faith with the party designating the material as confidential and, if that fails to resolve the dispute, then by seeking an order of the Court with respect to any documents or information designated as "confidential." The party seeking discovery will treat all documents or information designated as "confidential" in accordance with the requirements of this Order during the pendency of such motion. The parties agree that before seeking any relief from the Court under this paragraph they will make a good-faith effort to resolve any disputes concerning the confidential treatment of any information.

5. This Order shall not preclude counsel from communicating a general assessment or analysis of the impact of the records or their contents or an assessment or analysis by their expert witness(es) to their clients for purposes of settlement discussion or case preparation.

6. Counsel for the parties or witnesses shall maintain and preserve all signed written agreements by persons to be bound by this Protective Order.

7. Confidential information subject to this Order that is included in documents filed electronically shall be redacted. Unredacted copies shall be filed under seal. Pursuant to the Court's Electronic Filing Policies and Procedures Manual ("ECF Manual"), Part II(H)(2)(a), a party seeking to file an unredacted document must first obtain leave of Court. If leave of Court is granted, such documents shall be

electronically filed marked **"CONFIDENTIAL RECORDS – TO BE REVIEWED ONLY BY THE COURT OR COURT STAFF."** The parties will comply with all requirements and provisions of the ECF Manual governing the presentation and filing of redacted or partially redacted documents.

8. Information that is confidential shall be marked as **"CONFIDENTIAL."**

9. Control and distribution of the information and/or documents subject to this Order shall be the responsibility of the attorneys of record.

10. This Order shall remain in force throughout the pendency of this case, and any related appeals, unless and until it is modified by this Court.

11. Information filed of record or presented in open court shall cease to be confidential when so filed or presented subject to the right of either party to move separately for the subsequent sealing of such information or for its withdrawal from the public record.

12. The entry of this Protective Order does not constitute a determination that any material designated as confidential is relevant, admissible and/or subject to being produced during discovery. Each party retains the right to make substantive objections to discovery requests other than those based on privacy or confidentiality regarding materials subject to this Order.

13. This Order shall not affect or limit the presentation of evidence, including materials marked as confidential, during the trial of this action.

14. At the conclusion of the litigation, which includes completion of all appeals or the expiration of time for appeals, all witnesses and parties in possession of

confidential documents shall return such documents to the attorney(s) from who they received confidential document(s) within thirty (30) days.

15. Counsel shall destroy, or return to the producing party at the producing party's option, any and all copies of any confidential information obtained during this litigation within thirty (30) days of the final resolution of this action.

IT IS SO ORDERED THIS 13th day of March, 2020.

_____
CHARLES B. GOODWIN
United States District Judge